IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROTTEN RECORDS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1267 |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge |
| JOHN DOE subscriber assigned IP | ) | Cynthia Reed Eddy |
| address 67.165.102.115, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On October 7, 2015, Plaintiff Rotten Records, Inc. filed an *Ex Parte* Motion for Leave to Serve Third Party Subpoena Prior to Rule 26(f) Conference. (ECF No. 5). No Defendant has been named or served. For the reasons discussed below, Plaintiff's Motion is **GRANTED**.

## I.   PROCEDURAL HISTORY

On September 29, 2015, Plaintiff filed a Complaint against John Doe, a subscriber assigned to Internet Protocol ("IP") address 67.165.102.115 ("Defendant"). Comcast is the Internet Service Provider ("ISP") associated with Defendant's IP address. (ECF Nos. 1, 6). Plaintiff alleges a single cause of action for direct copyright infringement. Plaintiff asserts that it is the registered copyright holder of several digital audio recordings. (ECF Nos. 1 at ¶¶ 3, 10; 1-3). Plaintiff contends that Defendant used the BitTorrent file distribution network to copy and to distribute Plaintiff's copyrighted work through the Internet without Plaintiff's permission. (ECF No. 1). Plaintiff's infringement detection company, Rightscorp, Inc., "sent Defendant 112 notices to Defendant's ISP address via Comcast from June 15, 2015 to June 17, 2015, demanding that Defendant stop illegally distributing Plaintiff's work." (Id. at ¶ 29).

Plaintiff seeks leave to conduct early discovery to learn the identity of the subscriber of

the subject IP address from Comcast, the ISP, who leased that IP address to the subscriber during the relevant period. Specifically, Plaintiff seeks an order permitting it to serve a third party subpoena on Comcast pursuant to Rule 45 of the Federal Rules of Civil Procedure, requiring Comcast to supply the name and address of its subscriber to Plaintiff. (ECF No. 6 at 2). Plaintiff alleges that without this information it cannot serve Defendant nor pursue this lawsuit to protect its copyrights. (Id.).

## II.    LEGAL STANDARDS

Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). However, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.' Fed. R. Civ. P. 26(b). In internet infringement cases, courts have found that good cause exists to issue a Rule 45 subpoena to discover a John Doe defendant's identity, before a Rule 26(f) conference, where: (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010); Malibu Media, LLC v. John Does 1-18, 2012 WL 8264665 (E.D. Pa. 2012).

## III.    ANALYSIS

### A.    Prima Facie Showing of a Claim

First, Plaintiff has alleged a prima facie claim of copyright infringement. A prima facie claim of copyright infringement requires (1) ownership of a valid copyright, and (2) the copying of constituent elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,

2

499 U.S. 340, 361 (1991). Here, Plaintiff satisfies both elements because it alleges that it has (1) produced a document evidencing that a valid copyright exists for the digital audio files at issue (ECF No. 1-3), and (2) alleged that Defendant has illegally copied these files through BitTorrent Software. (ECF No. 1). In addition, Plaintiff alleges that Defendant is located in this judicial district. (ECF No. 1-2). The Complaint states that Plaintiff used proven IP address geolocation technology ensuring that the IP address traced to a physical address located within this District. Therefore, according to Plaintiff, Defendant's alleged acts of copyright infringement occurred in this district, and Defendant is in Pennsylvania and/or has engaged in substantial business activity in Pennsylvania, thus establishing personal jurisdiction and venue. (ECF No. 1, ¶¶ 5, 6).

### B. Specific Discovery Request

Although Plaintiff has not included a proposed subpoena in its motion, it is not seeking any information beyond the Defendant's name and address associated with the IP address from Comcast. Plaintiff needs this information in order to initiate the lawsuit and to protect from alleged copyright violations. Indeed, Plaintiff represents that it is seeking this information solely for this purpose. Accordingly, Plaintiff's request to subpoena Comcast for the IP address at issue is sufficiently specific because it only seeks to gather the minimum information necessary to discover Defendant's identity. See Malibu Media, LLC v. John Does, No. 1277, 2012 WL 3089383, *7 (E.D.Pa. 2012).

### C. Lack of Alternative Means to Obtain Information

Defendant is only known to Plaintiff by his IP address. This address was assigned to the Defendant by Comcast, his respective ISP. The ISP can use the IP address to identify the Defendant. Plaintiff has submitted the Affidavit of Robert Steele, an employee of Rightscorp, Inc. who operates electronic evidence collection processes monitoring copyright infringements

3

on peer-to-peer networks. Mr. Steele has a B.S. degree in Electronic and Computer engineering. Mr. Steele affirms the following: "in my experience, during the initial phase of Internet based investigations, the offender is only identified by an IP address. The only entity able to correlate an IP addresses to a specific individual at a given date and time is the Internet Service Provider ("ISP")." (ECF No. 6-1). Based on this showing, the Court is satisfied that there is no other way for Plaintiff to obtain Defendant's identity outside of serving a subpoena on Defendant's ISP.

### D.    Central Need For the Subpoenaed Information

Obviously, without learning the Defendant's true identity, Plaintiff will not be able to serve the Defendant and proceed with this case. Plaintiff will ultimately be required to identify John Doe defendants to avoid dismissal of their claims. See Blakeslee v. Clinton, 336 Fed. App'x 248, 250 (3d Cir. 2009). The Rule 26(f) conference cannot occur unless Plaintiff discovers the identity of Defendant, and Plaintiff has shown that a subpoena to Comcast for the name and address of the individual assigned to the IP address is the appropriate method for obtaining this information. Therefore, good cause exists to allow Plaintiff to subpoena this information at this stage, as Plaintiff has alleged a central need for the proposed subpoenaed information.

### E.    Defendant's Minimal Expectation of Privacy

Courts analyze this factor in accordance with First Amendment considerations:

> The relevant First Amendment principles are well established. The Supreme Court has recognized that the First Amendment provides protection for anonymous speech. . .The First Amendment does not, however, provide a license for copyright infringement. . .Thus, to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment.

Arista Records,    605 F.3d at 116 (citing Buckley v. American Constitutional Law Foundation, Inc., 525 U.S. 182, 199-200, 119 S.Ct. 636 (1999); Harper & Row, Publishers v. Nation

4

Enterprises, 471 U.S. 538, 105 S.Ct. 2218 (1984)).

Further, the Court should consider the requirements of the Cable Privacy Act, 47 U.S.C. § 551. The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). The ISP that Plaintiff intends to subpoena in this case appears to be a cable operator within the meaning of the Act. Providing notice and an opportunity to file a Motion to Quash/Modify gives the ISP and Defendant an opportunity assert any applicable privilege prior to the information being provided to Plaintiff.

Therefore, based upon consideration of the factors identified above, Plaintiff's motion will be granted.

**AND NOW**, this 14th day of October, 2015:

**IT IS ORDERED** that Plaintiff's *Ex Parte* Motion for Expedited Discovery (ECF No. 5) is **GRANTED,** as follows:

1.     Plaintiff may serve a subpoena, pursuant to and compliant with the procedures of Federal Rule of Civil Procedure 45, on Comcast seeking only the name and address of the subscriber assigned to the subject IP address for the relevant time period.

2.     The subpoena must provide at least forty-five (45) calendar days from service to production. Comcast may seek to quash or modify the subpoena as provided at Rule 45(d)(3).

3.     Comcast shall notify its subscriber, no later than fourteen (14) calendar days after service of the subpoena, that his or her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall then have thirty (30) calendar days from the

date of the notice to seek a protective order, to move to quash or modify the subpoena, or file any other responsive pleading.

    4.     Plaintiff shall serve a copy of this Order with the subpoena upon Comcast. Comcast in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

    5.     No further discovery is authorized at this time.

By the Court:

/s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

6